IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| J'MARI BETHEA, individually; JOSHUA LATTIMORE, individually; WICKFORCE, as an organization; and GEORGIA STATE CONFERENCE OF THE NAACP, as an organization;<br><br>Plaintiffs,<br><br>v.<br><br>NATHAN DEAL, in his official capacity as Governor of Georgia, and BRIAN P. KEMP, in his official capacity as Secretary of State for the State of Georgia,<br><br>Defendants. | CASE NO. CV216-140 |

## O R D E R

Before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order. (Doc. 2.) The Court heard oral argument from the parties on the morning of October 19, 2016. In the motion, Plaintiffs request that the Court require Defendants to accept delivery of voter registration applications for an additional six days from the date of this order. For the following reasons, Plaintiffs' motion is **DENIED**.

## BACKGROUND

The voter registration deadline in Georgia was October 11, 2016. However, several Board of Elections ("BOE") offices throughout the coastal counties were closed on October 6 or 7 due to Governor Deal's mandatory evacuation[1] order ahead of Hurricane Matthew. While all other counties were able to open their BOE offices prior to the registration deadline,[2] the Chatham County BOE office did not reopen until October 12, 2016. On that date, Plaintiff Georgia State Conference of the NAACP ("NAACP") and 2 other organizations filed suit in this Court seeking to extend the voter registration deadline for Chatham County until October 18, 2016. At a hearing on that motion, counsel for the plaintiffs stated that they were seeking an extension only in Chatham County because the other counties "were able to get their board of elections up and running at least on the last day of the registration." On October 14, 2016, this Court granted a request for a preliminary

---

[1] Six counties were affected by the mandatory evacuation order: Bryan, Camden, Chatham, Glynn, Liberty, and McIntosh.
[2] McIntosh County was open on October 10 and October 11, 2016. Glynn County was open for half of the day on October 6 and all day on October 11. Liberty County was open on October 6 and October 11. Bryan County was open for half of the day October 10 and all day on October 11. Camden County was open for half the day on October 6 and all day on October 11.

2

injunction in that case and extended the voter registration deadline to October 18 only in Chatham County due to the complete closure of its local BOE office during the last days of the registration period. See Ga. Coal. for the Peoples' Agenda, Inc. v. Deal, 4:16-cv-269 (S.D. Ga. Oct. 14, 2016) (unpublished).

Four days after that order, Plaintiffs in this case filed a new request for a statewide preliminary injunction. In support of their request, Plaintiffs argue that the mandatory evacuation prevented potential voters throughout the state from registering to vote. Specifically, Plaintiffs contend that individuals in the six coastal counties affected by the evacuation order were prevented from voting because of BOE office closures, power outages, and transportation concerns. Plaintiffs maintain that post office closures and the suspension of mail service during this period also potentially prevented individuals from submitting their registration applications. Finally, many individuals were potentially unable to register, either in person or electronically, due to evacuation or recovery efforts.

For example, two of the Plaintiffs in this case—J'Mari Bethea and Joshua Lattimore—are high school students who reside in Glynn County. These students left Glynn County

3

pursuant to the mandatory evacuation order and returned on October 11, 2016 to neighborhoods without power. Plaintiffs NAACP and WickFORCE were unable to hold voter registration drives in many of the counties affected by the mandatory evacuation order and hurricane. Plaintiffs NAACP and WickFORCE were also unable to submit completed voter registration cards for the same reasons. Given these events, Plaintiffs argue that Defendants' failure to extend the voter registration deadline creates an undue burden on the right to vote in violation of the 14th Amendment; the Equal Protection Clause of the 14th Amendment; Section 2 of the Voting Rights Act, 52 U.S.C. § 10301(a); and Section 8 of the National Voter Registration Act of 1993, 52 U.S.C. § 20507(a)(1).

In response, Defendants contend that extending the registration deadline an additional 6 days will create a significant burden for BOE officials as in-person early voting commenced on October 17. Defendants maintain that such an extension would be difficult to implement as it would require county officials to simultaneously register voters and administer early voting. Defendants also explain that an extension would require the counties to utilize multiple voter lists during the voting period. These multiple voter lists could potentially increase the chance

4

of human error and unnecessary provisional ballots. Moreover, Defendants argued that county resources are stretched further as the election date nears because more locations become available for early voting.

Defendants also argue that voters in most of the coastal counties affected by the mandatory evacuation were able to register at their local BOE offices. Specifically, Defendants note that—with the exception of Chatham County—the BOE offices in the five other counties affected by the mandatory evacuation had reopened for at least one day prior to the registration deadline. Finally, Defendants argue that the impacts of Hurricane Matthew did not preclude individuals from registering electronically or by mail.

## ANALYSIS

The Court may grant injunctive relief only where the moving party established that

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). Because this case involves the right to vote, the Court

5

assumes that Plaintiffs will suffer an irreparable injury should they be denied injunctive relief. After careful consideration, however, the Court concludes that Plaintiffs have failed to establish any of the three remaining factors.

I.  SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs contend that Defendants' decision not to extend the voter registration deadline in the five counties impermissibly burdens the right to vote, fails to provide equal protection as guaranteed in the 14th Amendment, and violates Section 2 of the Voting Rights Act. This argument, however, relies on the unsupported notion that Defendants' decision not to extend the deadline was some sort of action that created an impediment to the right to vote. Both this Court and Plaintiffs have been unable to locate any precedent that would constitutionally or statutorily mandate that Defendants provide an extension in the absence of any actual government action that burdens an individual's right to vote.

What happened in this case is that a natural disaster coincided with Georgia's constitutionally valid voter registration deadline. This natural event made it difficult, but not impossible, for certain residents of the five counties to properly register to vote prior to the

October 11 deadline. The Court recognizes that individuals possibly returned to the area to find their homes damaged and without electricity. It is entirely understandable that these individuals gave little consideration to registering to vote prior to the October 11 deadline. However, these circumstances are not impediments created by the State of Georgia that require it to provide an extension to the voter registration deadline.

Even assuming the applicability of the Anderson-Burdick test, see Burdick v. Takushi, 504 U.S. 428, 434 (1992) (quoting Anderson v. Celebrezze, 460 U.S. 780, 789 (1983)), the burden imposed by refusing an extension is not so severe as to outweigh the State of Georgia's interest in enforcing its own registration deadline. Unlike Chatham County, the local BOE office was open in each of the five counties by at least October 11, 2016. Moreover, the BOE offices were closed in the five counties only between two to three business days because of the weekend and Columbus Day Holiday.

In the Court's opinion, these burdens are slight when compared to the State of Georgia's interest in conducting a smooth statewide election. Defendants have submitted a declaration from the Director of Elections for the State Elections Division of the Office of Secretary of State.

7

This declaration outlines in some detail the administrative and technological difficulties that local BOE officials would face should the voter registration deadline be extended. As of today, Georgia's in-person early voting period is in its third day. The Court is satisfied that extending the deadline six days from the date of this order places severe burdens on both state and local election officials that outweigh those placed on individuals by failing to extend the registration deadline.

II. IRREPARABLE INJURY BALANCED AGAINST DAMAGE CAUSED BY AN INJUNCTION

Plaintiffs have failed to establish that their injury outweighs whatever damage would be caused by the injunction. As noted above, Georgia began its early voting period on October 17, 2016. The requested extension would require local BOE officials to both conduct early voting and continue to register voters until October 25, 2016. While Plaintiffs describe this as a mere administrative inconvenience, it is much more than that.

For better or worse, Georgia's electoral machinery has been arranged to accept registrations until October 11, transition to in-person early voting by October 17, and conclude with in-person voting on Election Day. The requested extension throws a sizable wrench into that

machinery. In short, Georgia's electoral system is simply not arranged to handle registration past the deadline and certainly ill equipped to handle it once early voting has commenced. Perhaps local BOE officials would ultimately be able to handle simultaneous registration and early voting. Like Plaintiffs, the Court places great faith in these local officials. What is clear to this Court, however, is that the potential for damage to Georgia's electoral machinery resulting from the requested deadline is severe and significant such that it outweighs the burden placed on individuals by not granting the injunction.

III. THE PUBLIC INTEREST

Plaintiffs have also failed to show that the injunction would not be adverse to the public interest. The Court recognizes that the public has a general interest in having citizens participate in the electoral process. However, the public also has an interest in preserving the integrity of that process. As noted above, Georgia's electoral machinery is simply not equipped to handle the situation that would result should this Court grant Plaintiffs' motion. At some point, Georgia's constitutionally valid voter registration deadline must be respected. Otherwise, Georgia's ability to conduct efficient and accurate elections at the local, state, and

9

national level becomes irrevocably compromised. Determining the precise location of that line is certainly difficult. Wherever it is, however, it is clear to this Court that the requested extension falls on the wrong side of that line.

IV. THE CHATHAM COUNTY EXTENSION

The Court notes that the facts involved in this case are fundamentally different than when it granted an extension to Chatham County. First, Chatham County BOE offices were closed from October 6 through October 12, 2016, which obviously included the October 11 deadline. The local BOE office in each of the remaining five counties was open by at least the October 11 deadline. Second, the Chatham County extension did not significantly burden local BOE officials because that extension was ordered prior to the commencement of early voting and extended voter registration until October 18, 2016, only one day into early voting. In this case, Plaintiffs' request would burden unprepared, local BOE officials by requiring them to immediately reallocate resources to voter registration and continue registering voters eight days into the early voting period. Unlike the earlier request for an extension in Chatham County, the late hour of Plaintiffs' request exponentially increases the disruption to Georgia's

10

electoral process and potentially impairs Georgia's ability to guarantee the integrity of its elections.

**CONCLUSION**

This Court fully recognizes the fundamental importance of an individual's right to participate in our democracy and this Court's role in safeguarding that right. Any decision that may encroach upon that right is not taken lightly. However, the current circumstances surrounding Plaintiffs' request lead the Court to conclude that injunctive relief is not warranted. For the foregoing reasons, Plaintiffs' Emergency Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

SO ORDERED this 19th day of October 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA